UNITED STATES of America,
Plaintiff,

v.

452.13 ACRES OF LAND, MORE OR LESS, IN the COUNTY OF SANTA ROSA, STATE OF FLORIDA (Parcels 109 & 113), G. H. Leonard, et al., Defendants.

Civ. A. No. 1088.

United States District Court
N. D. Florida,
Pensacola Division.

July 25, 1962.

Clinton Ashmore, U. S. Atty., Tallahassee, Fla., for plaintiff.

A. L. Johnson, Milton, Fla., for defendants.

CARSWELL, Chief Judge.

This has to do with a motion of the United States for a new condemnation trial. Involved here are two parcels of an overall tract described in the Declaration of Taking. What actually happened in this particular case is that the Government in its Declaration of Taking described and took a flight clearance easement when actually the facts disclosed at the trial affirmatively showed that the Government had taken something in addition, specifically an avigation easement.

The Court is of the opinion that the case relied upon by the Government, United States v. Brondum, 272 F.2d 642 (5th Cir. 1959), is dispositive of the issue and requires granting the motion for a new trial.

As this Court understands Judge Wisdom's opinion in Brondum, the Government cannot be compelled to take more than it asks for in the Declaration of Taking. This bald proposition requires a new trial, for in the subject case the Court instructed the jury at the close of the testimony that if it found the facts to justify the taking of an avigation easement that it could then consider, by appropriate standards, the measure of compensation to be paid for such avigation easement *in addition to* the flight clearance as described in the Declaration of Taking. This was done because the *testimony* in this particular case very strongly suggested—indeed, if it did not require—a finding that the Government had actually taken by its conduct in operating planes over the subject parcels not only the flight clearance easement covered by the Declaration but also an avigation easement. Inferentially, it may be noted that this contention was repeatedly asserted by the land owner at pre-trial conference but was not brought formally into the pleadings. The Government knew this long before trial.

This being so, it appeared that the proper course of action would be to have the jury instructions and the ultimate judgment conform to the testimony as is the usual requirement of the law. The charge given did fit the testimony. Since determination of the *avigation* easement issue raised by the testimony cannot be made in this litigation, a separate and distinct legal proceeding is required. That is, the land owner may now file suit for compensation for the actual taking of avigation easement by the Government under these same facts adduced at the trial here under the wing of the Tucker Act, 28 U.S.C. § 1346(a) (2). The land owner thus receives two bites from two trials. This was well known to counsel for the land owner at the time the instruction to the jury was made, but in an effort to conclude the controversy in all of its facets and to have the ultimate judgment conform to the facts adduced defendant's counsel assented to the matter going to the jury *in toto*. The Government objected, and since the avigation easement question had not been developed on the pleadings and in view of the basic proposition laid down in the Brondum case it was error to overrule this objection.

Although not sufficient to change the result required here, there is a clear factual distinction between the case at hand and Brondum. In the Brondum case Judge Wisdom pointed out that the *evidence* showed that the Government might never actually fly planes over the subject land in such manner as to constitute the taking of an avigation easement. The physical location of the property there in relation to the runway was quite different from the case at hand. In the case here the evidence did show that numerous, frequent and continuing flights were being made at low levels over the subject property. Therefore, such issue as is presented here was not precisely ruled upon in Brondum. But the unequivocal holding in that case that the Government cannot be "compelled" to take that which it did not seek formally in the Declaration of Taking requires a new trial.

The exposition given this matter here is done with the thought, and perhaps the hope, that the judicial process can be made realistic and efficient without any impairment of fundamental rights in the rapidly expanding zone of easements around governmental air facilities. Here this Court used the improper tools available to it in this effort. An avigation easement of one ancestry and a flight clearance easement of another cannot be fused as Siamese twins. The ultimate responsibility for this attempt rested with the Court and only the abortive remedy of new trial is now available. It frequently occurs, however, as it did here, that what the Government identifies in its Declaration of Taking as only one thing is actually twins, or perhaps triplets, covered by the subsequent identical testimony, and which by every standard of sound administration of justice, should be determined in one proceeding. When this is known or suspected to

exist it should be brought to the attention of the Court at an early stage and not later than at pre-trial conference so the Court may take appropriate action to allow full development of the latent issues not specifically stated in the Declaration of Taking. In the absence of a voluntary amendment by the Government expanding the Taking at the pre-trial stage, the land owner may then be allowed reasonable time in which to institute a separate action under the Tucker Act, and the two cases later consolidated for trial when both are ripe.

The frustration of delay, the utter waste and duplication of the time of witnesses and jurors and the totally unnecessary expense to the litigants, are in themselves compelling reasons for the necessity of ferreting out all the issues between the parties before, not during, the trial. The final responsibility to do this rests with the Court but does not relieve counsel of thorough preparation in advance of pre-trial and consistent effort to avoid the futility of the resulting situation here.

██ It should be noted that this motion for new trial is not based upon any alleged excessive verdict of the jury. The total award for both easements here was well within the limits of value placed on the single easement of flight clearance described in the Government's Declaration of Taking and the land owner has voiced no objection to the granting of the Government the avigation easement on the sum found by the jury for both easements. But the right of the Government to two proceedings is undeniable and is not impaired by its exercise of its coexistent privilege to ignore these practical considerations operating to its advantage as well as to the land owner, nor is its right invalidated either by its own tardiness in raising the issue only upon and after trial, or by the land owner's or the Court's informal, and erroneous, assumption that all this was made clearly litigable and without objection at the pre-trial conference.

Nothing is to be construed by this holding as preventing the land owner in this case, or in any other case, from bringing separate action against the Government for compensation for the actual taking of an avigation easement. The Tucker Act, supra, is still on the books as a remedy for the land owner here.

Brondum does not purport to say that such trials could not be consolidated and the matters thereby presented to the same jury. Neither does it require consolidation. That issue, if reached, must be determined under the usual standards of the propriety of consolidation of any civil trials.

Appropriate order granting motion for new trial is entered this date.